FILED by _____ D.C.

ELECTRONIC

**June 22, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALLEN FOX,

          Plaintiff,       **09-80921-Civ-COHN/SLETZER**

vs.

DDR SOUTHEAST TEQUESTA, L.L.C.,
a Delaware Limited Liability Company,

          Defendant.

_____/

## COMPLAINT

Plaintiff, **ALLEN FOX,** by and through undersigned counsel, hereby sues the Defendant, **DDR SOUTHEAST TEQUESTA, L.L.C.**, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181, et seq., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

### JURISDICTION

1.     The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's failure to remove physical barriers to access and violations of Title III of the Americans with Disabilities Act (see also 28 U.S.C. § 2201 and 2202).

### PARTIES

2.     The Plaintiff, **ALLEN FOX**, suffers from the effects of infantile paralysis (childhood polio) and is disabled as defined by the Americans with Disabilities Act. Mr. Fox has limited use of his legs and is able to stand and move short distances with the use of leg braces and crutches. He must, however, use a wheelchair for activities that require standing or walking for any substantial period, including shopping, doctor visits and other major life activities. Mr. Fox is a resident of West Palm

Beach, Palm Beach County, Florida, is *sui juris*. Mr. Fox has suffered direct injury as a result of the Defendant's actions or inaction described herein. Mr. Fox personally visited Defendant's premises and was personally limited by the barriers present at Defendant's premises, resulting in the instant lawsuit. Such barriers constitute discrimination prohibited by the ADA. Mr. Fox will visit the premises in the near future to avail himself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

3.     Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of himself, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. He personally visits the public accommodation where he knows or where it has been reported to him that illegal barriers to access exist; engages all of the barriers to access, or at least all of those that he is able to access; and tests all of those barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits for personal reasons, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4.     In this instance, Plaintiff, in his individual capacity for personal reasons, and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

2

5.    Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

6.    Defendant transacts business in Jupiter, Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, more commonly referred to as "Tequesta Shoppes," located at or about 105-191 N. U.S. Highway One, Tequesta, Florida (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

7.    On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. seq.*, establishing the most important civil rights law for persons with disabilities in our country's history.

8.    The Congressional statutory findings include:

   (a)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (b)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (c)    discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (d)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

   (e)    the continuing existence of unfair and unnecessary discrimination and prejudice

3

denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

9.     Congress explicitly stated that the purpose of the ADA was to:

    (a)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (b)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (c)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1), (2) and (4).

10.     Congress provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA, was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

11.     The Facility is a public accommodation and service establishment.

12.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

13.     Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit has access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

4

14.     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, but will be unable to do so because of this disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.     Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

16.     Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 20 C.F.R. § 36.508(a).

17.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

5

**Parking**

a.  The disabled use spaces do not have clear and level access aisles provided, violating Section 4.1.2 and 4.6.3 of the ADAAG.

b.  There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

c.  The ramps provided from the parking areas to the facility have slopes, side-slopes, and/or cross slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

d.  There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

e.  The accessible parking spaces are improperly dispersed and marked as per U.S. Dep't of Transp., Manual on Uniform Traffic Control Devices, Pt. 3, § 3A.05 (2000) (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG.

f.  Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

g.  There are no accessible routes from the street, sidewalk and parking areas.  There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

h.  The doors of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

i.  There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

j.  There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG.

k.  There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.2 of the ADAAG.

l.  There is no means of emergency egress or area of rescue assistance provided at the facility, violating the requirements of Section 4.3.10 of the ADAAG.

**Access to Goods and Services**

m.      There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

n.      There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

o.      There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

p.      There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

q.      There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

r.      There is insufficient clear floor space to access goods or services at the facility, in violation of several sections of the ADAAG.

s.      There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

18.      The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

19.      Plaintiff has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of the services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

20.      The removal of the physical barriers, dangerous conditions and ADA violations set forth

7

herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

21.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

22.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

23.    Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

**WHEREFORE**, the Plaintiff respectfully requests the Court to issue a permanent injunction enjoining the Defendant from continuing its discriminatory practices, ordering the Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff his attorneys' fees, litigation expenses and costs.

DATED this ___ day of June, 2009.

Respectfully submitted,

AURILIO & ASSOCIATES, P.A.
Attorneys for Plaintiff
3307 Northlake Boulevard, Suite 105
Palm Beach Gardens, Florida 33403
Telephone: 561-627-5300
Facsimile: 561-625-5629
Email: saurilio@auriliolaw.com

By: _____
SAMUEL C. AURILIO
Florida Bar No. 0840874

9

**JS 44 (Rev. 2/08)** **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**NOTICE: Attorneys MUST Indicate All Re-file**

**ELECTRONIC**
**D.C.**

**June 22, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ALLEN FOX | DDR SOUTHEAST TEQUESTA, L.P. |

**(b)** County of Residence of First Listed Plaintiff  Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Aurilio & Associates, P.A.
3307 Northlake Boulevard, Suite 105
Palm Beach Gardens, Florida
561-627-5300

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09CV80921    JIC/BSS

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☑ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12181
LENGTH OF TRIAL via  1  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  6/18/9

FOR OFFICE USE ONLY
AMOUNT  350  RECEIPT #  725992  IFP

10 of 10